Opinion by KINCHELOE, J.   At the trial the plaintiff moved in evidence, without objection, two memorandums signed by the assistant appraiser at New York, the truth of the contents of which was agreed to by counsel for the Government. It appeared therefrom that as to the merchandise classified at 40 percent under paragraph 923, it consists of bougies and catheters in chief value of gum, similar to that covered by *Bard* v. *United States* (T. D. 49189) and *Bard* v. *United States* (2 Cust. Ct. 244, C. D. 134), therein held dutiable at 20 percent under paragraph 1558; that as to the merchandise classified at 65 percent under paragraph 1211, the items on the invoice marked "X" are similar to those held dutiable at 45 percent under paragraph 397, as in chief value of metal, and that as to the remaining items assessed at 65 percent, they are all similar to those held to be in chief value of gum in said T. D. 49189 and C. D. 134, dutiable at 20 percent under paragraph 1558.   The protest was sustained to the extent indicated but overruled n  all other respects.

**No. 51424.**—Protests 823036–G, etc., of Bloomingdale Bros., Inc. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiff was sustained.

**No. 51425.**—Protests 898464–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiff was sustained.

**No. 51426.**—Protests 66011–K, etc., of International Paper Sales Co., Inc., et al. (Mobile).

Opinion by KINCHELOE, J.   Plaintiffs state that the maximum thickness of the paper under consideration, after deducting the 5 percent tolerance permitted by T. D. 45418 (4), results in a thickness of 56/10000ths of an inch in excess of .004 of an inch prescribed in T. D. 44317, and argue that this trifling difference should be disregarded under the principle *de minimus non curat lex*.  Plaintiffs rely